J-S77036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID ROGER PROBST, | |
| Appellant | No. 566 MDA 2016 |

Appeal from the PCRA Order March 11, 2016
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0001472-2009

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED NOVEMBER 15, 2016**

Appellant, David Roger Probst, appeals from the dismissal of his first, timely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On June 3, 2010, a jury found Appellant guilty of aggravated indecent assault of a child, indecent assault of a child less than thirteen years of age, and corruption of a minor.  On June 4, 2010, the Commonwealth filed a notice that it would be seeking the mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9718.2.  On November 12, 2010, the trial court sentenced Appellant to concurrent terms of imprisonment of not less than twenty-five nor more than fifty years for his convictions of aggravated indecent assault

_____

[*] Retired Senior Judge assigned to the Superior Court.

and indecent assault, with a consecutive term of five years' probation for corruption of minors. On March 21, 2011, the court denied Appellant's post sentence motion. This Court affirmed Appellant's judgment of sentence on January 16, 2013. (*See Commonwealth v. Probst*, 2013 WL 11289518, at *1 (Pa. Super. filed Jan. 16, 2013)). Appellant did not seek review in our Supreme Court.

On January 15, 2014, Appellant filed the instant, timely *pro se* PCRA petition. Appointed counsel filed an amended petition on April 22, 2014. As aptly set forth by the PCRA court:

> [Appellant] argued [in his PCRA petition] that his trial counsel was ineffective because counsel failed to inform him that the Commonwealth would potentially seek imposition of a twenty-five year mandatory minimum prison sentence if he was found guilty at trial. [Appellant] asserted that he did not take a plea offer for a five-year minimum prison sentence because trial counsel advised him that five years was the maximum sentence. [Appellant] proceeded to trial, was found guilty, and received the twenty-five year mandatory minimum. He argued that he is prejudiced because trial counsel's failure is causing him to serve a twenty-five year minimum sentence instead of a five-year minimum sentence.

> On April 10, 2015, th[e PCRA c]ourt dismissed the petition. In an [o]pinion filed on November 9, 2015, the Superior Court determined that [Appellant's] claim [,as pleaded,] had arguable merit and "there was no reasonable basis for trial counsel not to inform [Appellant] of an applicable twenty-five year mandatory minimum." The Superior Court remanded the case for an evidentiary hearing [because "[t]here was no record evidence upon which the PCRA court could make a credibility determination or a factual finding regarding whether a second plea offer was made."] The [C]ourt determined that whether [Appellant] was prejudiced "hinges upon whether the Commonwealth had offered a plea for a five-year sentence . . . or whether the only offered plea was the two-year sentence that

- 2 -

the Commonwealth rescinded." (***Id.***).  The [C]ourt, however, did not "intend to foreclose any other avenue by which [Appellant] may prove prejudice." (***Id.*** at *8 n.2).  Th[e PCRA c]ourt held the evidentiary hearing on January 26, 2016.

(PCRA Court Opinion, 2/17/16, at 1-2) (record citations provided).  On February 17, 2016, the PCRA court found that Appellant failed to prove that the Commonwealth offered him a plea deal for a five-year sentence, and that, therefore, he did not establish that he was prejudiced.  The court again denied PCRA relief.  It also denied Appellant's motion for reconsideration.  Appellant timely appealed.[1]

Appellant raises one question for our review:  "Whether a failure of trial counsel to advise a client with no legal knowledge as to the sentencing ramifications of foregoing a plea or [choosing] to accept an offer is ineffective assistance of counsel[?]"  (Appellant's Brief, at 8 (unnecessary capitalization omitted); ***see also Probst***, No. 657 MDA 2015, at *3).

Our standard of review of a PCRA court's decision is well-settled: "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).  "We review the

_____

[1] On April 29, 2016, Appellant filed a timely statement of errors complained of on appeal pursuant to the PCRA court's order.  ***See*** Pa.R.A.P. 1925(b). The court filed an opinion on June 9, 2016, in which it relied on the reasons stated in its February 17, 2016 opinion.  ***See*** Pa.R.A.P. 1925(a).

PCRA court's legal conclusions *de novo*." ***Commonwealth v. Williams***, 141 A.3d 440, 452 (Pa. 2016) (citation omitted).

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** **A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.**

***Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa. Super. 2016) (one case citation omitted; emphasis added). A reviewing court is not required to address "the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the [***Pierce***] the court may proceed to that element first." ***Commonwealth v. Lambert***, 797 A.2d 232, 243 n.9 (Pa. 2001).

In this case, we will address:

> . . . the prejudice prong[, which] hinges upon whether the Commonwealth had offered a plea for a five-year sentence as [Appellant] alleges, or whether the only offered plea was the two-year sentence that the Commonwealth rescinded[.] . . . If the Commonwealth did not offer a five-year plea, then there would be no offer for counsel to present to [Appellant] and to be accepted by the court.

(**Probst**, 657 MDA 2015, at *7-8) (footnote omitted).[2]

The United States Supreme Court's decision in **Lafler v. Cooper**, 132 S.Ct. 1376 (2012), is relevant to the facts presented here. (**See id.** at *6-7). In **Lafler**, the United States Supreme Court focused on the prejudice prong of the **Strickland** test where a defendant alleged that the ineffective assistance of counsel resulted in his rejection of a plea offer. **See Lafler**, **supra** at 1384-85. The Court held that:

> In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

**Id.** at 1385.

Here, upon consideration of the evidence produced at the January 26, 2016 hearing, the PCRA court determined that Appellant failed to establish prejudice since "there was never an offer that would have been presented to the [c]ourt had [Appellant] accepted it . . . [because] the Commonwealth

---

[2] Pursuant to the law of the case doctrine, "a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court . . . in the earlier phases of the matter." **Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995) (citation omitted).

knew about the twenty[-]five year mandatory before trial[.]" (PCRA Ct. Op., at 7). We agree.

The following pertinent evidence was produced at the January 26, 2016 hearing. At Appellant's preliminary hearing, the Commonwealth offered him a plea deal of two years in exchange for his guilty plea to failure to comply, and no contest plea to indecent assault. (*See* N.T. Hearing, 1/26/16, at 6-7, 13, 16). Lycoming County District Attorney Eric Linhardt became aware of the two-year offer on December 7, 2009, the date of Appellant's plea hearing, and he immediately rescinded it, "knowing that there is a [twenty-five] year mandatory that applies." (*Id.* at 47; *see also id.* at 12, 16-18, 23, 33-34, 43-44, 46-48, 53). The back of the District Attorney's case file contained his notes that the two-year deal was "nixed" and that Appellant was subject to a twenty-five year mandatory sentence. (*Id.* at 46; *see id.* at 47-48). District Attorney Linhardt maintained that he "ha[d] no recollection of making [Appellant] any further offers and there is nothing in the file to indicate [he] did." (*Id.* at 51; *see also id.* at 52). He emphasized that he would not offer Appellant a five-year plea deal when the applicable mandatory minimum was twenty-five years because "a five year offer in this case would have been inconsistent with how [he] would have handled these cases at that time." (*Id.* at 52).

Conversely, Appellant maintained that trial counsel advised him that the Commonwealth made a five-year offer after withdrawing the two-year

deal. (**See id.** at 32-33, 35). However, his trial counsel testified that, "it was just discussed at the time that [the two-year offer] was pulled[,] that [there] might be some other type of plea that may be offered . . . ." (**Id.** at 19). Counsel clarified that it was not a "subsequent offer," but merely a discussion. (**Id.** at 22; **see id.** at 18-19, 22-23).

Based on the foregoing, we agree with the PCRA court that the evidence produced at the January 26, 2016 hearing fails to establish that the Commonwealth offered Appellant a plea deal, after it revoked the two-year offer, that would have been presented to the trial court. **See Lafler**, **supra** at 1385. Notably, the PCRA court found the testimony of both trial counsel and the District Attorney credible, a finding by which we are bound. (**See** PCRA Court Op., at 4); **see also Williams**, **supra** at 452 ("A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court.") (citation omitted).

Accordingly, because there was no plea offer, Appellant has failed to prove that he was prejudiced by counsel's failure to advise him of the twenty-five year mandatory minimum.[3] **See id.** Therefore, because

---

[3] We note for completeness that this case does not implicate the holding of **Alleyne v. United States**, 133 S. Ct. 2151 (2013), because the mandatory minimum sentence imposed here pertained to Appellant's prior conviction for an offense under Megan's Law. **See** 42 Pa.C.S.A. § 9718.2; **Commonwealth v. Valentine**, 101 A.3d 801, 809 (Pa. Super. 2014),
*(Footnote Continued Next Page)*

Appellant has failed to prove the prejudice prong of the **Strickland**/**Pierce** test, the court properly found that counsel did not provide Appellant with ineffective assistance. **See Lambert**, **supra** at 243 n.9; **Roane**, **supra** at 88.

      Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016

---

*(Footnote Continued)*

*appeal denied*, 124 A.3d 309 (Pa. 2015); (**see also** N.T. Sentencing, 11/12/10, at 37, 46).